1  MICHAEL J. SACKSTEDER (CSB No. 191605)
   msacksteder@fenwick.com
2  BRYAN A. KOHM (CSB No. 233276)
3  bkohm@fenwick.com
   ERIN SIMON (CSB No. 268929)
4  esimon@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
7  Telephone:  415.875.2300
   Facsimile:  415.281.1350
8
9  Attorneys for WOODMAN LABS, INC.

10

11                UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13
   e.Digital Corporation,              Case No. 3:12-cv-2899 DMS-WVG
14
              Plaintiff,               **GOPRO'S NOTICE OF JOINDER IN**
15                                     **MOTION TO AMEND THE**
        v.                             **STIPULATED PARTIAL JUDGMENT**
16                                     **TO CERTIFY THE COLLATERAL**
   Woodman Labs, Inc. dba GoPro,       **ESTOPPEL ORDER FOR**
17                                     **IMMEDIATE APPEAL**
              Defendant.
18
                                       **DEMAND FOR JURY TRIAL**
19
20                                     Hearing Date:   Dec. 20, 2013, 1:30 pm
21                                     Assigned to:    Hon. Dana M. Sabraw
                                       Courtroom:      13A
22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TO THE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:

Pursuant to Dkt. No. 71, notice is hereby given that Defendant Woodman Labs, Inc. dba GoPro ("GoPro") will and hereby does join in the Motion to Amend the Stipulated Partial Judgment to Certify the Collateral Estoppel Order for Immediate Appeal, filed in Case No. 13-cv-785, e.Digital Corp. v. Apple Inc., ECF No. 53 and associated documents.  GoPro asks the Court to amend the Partial Judgment in this case (Dkt. 69) to include an express determination that there is no just reason for delay and to certify it pursuant to Rule 54(b), which will allow GoPro to participate in the Federal Circuit's review of the finding that e.Digital is collaterally estopped from challenging certain claim constructions.  A proposed Amended Partial Final Judgment is attached as Appendix A.

Plaintiff has filed an appeal of the decision applying collateral estoppel to claim construction in this and the co-pending *e.Digital* cases, but GoPro does not have an automatic right to participate in that appeal because Plaintiff has appealed from a stipulated final judgment in the related case against Huawei while negotiating a non-final partial judgment of non-infringement with GoPro.

The partial judgment stipulated by Plaintiff and GoPro expressly states that it "is not a final judgment pursuant Federal Rule of Civil Procedure 54(b)."  Dkt. 69 ¶ 10.  The parties moved for entry of that judgment on September 27, 2013 (Dkt. 67) which the Court entered on September 30, 2013 (Dkt. 69).  Shortly before that time, Plaintiff and Defendants Futurewei Technologies, Inc. and Huawei Device USA, Inc. (collectively referred to as "Huawei") announced a settlement in principle.  (Case No. 3:13-cv-00783-DMS-WVG ("*Huawei*"), Dkt. 67.)  Not until the parties filed their proposed form of judgment on October 7, 2013 was it clear that their settlement was structured to permit Plaintiff to appeal the Collateral Estoppel Order from that case.  (*Id.*, Dkt. 70-1.)  Plaintiff filed a notice of appeal the next day.  (*Id.*, Dkt. 74.)  If Plaintiff had told GoPro at any time between September 12, 2013 (when Plaintiff and Huawei filed a Notice of Settlement in

1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Huawei*) and September 27, 2013 (when Plaintiff and GoPro filed their proposed Partial Judgment) that the *Huawei* settlement included a provision allowing Plaintiff to immediately appeal the Collateral Estoppel Order, GoPro would have required that the partial judgment entered in this case include a Rule 54(b) certification, so that GoPro could participate alongside Huawei in the appeal. Declaration of Bryan Kohm in Support of GoPro's Motion to Amend the Stipulated Partial Judgment to Certify the Collateral Estoppel Order for Immediate Appeal ("Kohm Decl.") ¶ 3.

In fact, Plaintiff **expressly assured** GoPro during the negotiations over the language of the proposed judgment that it had **no intention of seeking an immediate appeal**. Kohm Decl. ¶ 2. Unbeknownst to GoPro, therefore, while it was attempting to avoid piecemeal appeals by entry of a non-final partial judgment, that very situation had materialized in another case. The *Huawei* appeal moots the concerns that motivated GoPro to negotiate a non-final judgment, and provides a reason now to certify that judgment for immediate appeal.

Modification of a partial judgment is proper whether the stipulated partial judgment is treated under Fed. R. Civ. P. 59(e) (permitting motions to alter or amend judgments[1]) or as a non-final order which this Court has "inherent jurisdiction to modify, alter, or revoke." *U.S. v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). Here, alteration of the judgment is warranted by newly-discovered evidence of subsequent developments, which render the non-finality of the stipulated judgment manifestly unjust. The *Huawei* appeal is new evidence of a subsequent development that GoPro could not have learned before agreeing to the proposed Partial Judgment in this case, and it would be manifestly unjust to deny GoPro the ability to participate in the appeal that has now been docketed. Further,

---

[1] The underlying motion in Case No. 13-cv-785 which GoPro joins was filed within 28 days of entry of the judgment, as Rule 59(e) requires.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Huawei's interests may diverge from GoPro's because it manufactures different
2  products and may not focus on the issues that would be material to GoPro's
3  products.  GoPro cannot assume—and should not be required to trust—that a party
4  which has already agreed to a settlement and whose products occupy a different
5  market will represent GoPro's interests in the appeal of an issue that will directly
6  affect GoPro's case.  Therefore, the Court should amend the Partial Judgment to
7  certify the Collateral Estoppel Order pursuant to Rule 54(b), as set forth in
8  Appendix A.

9

10

11  Dated: November 8, 2013                    FENWICK & WEST LLP

12

13                                     By: /s/ Michael J. Sacksteder
                                           Michael J. Sacksteder
14                                         Bryan A. Kohm
                                           Erin Simon
15                                         *Attorneys for Woodman Labs, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that a true and correct copy of the foregoing

3

document has been served on this date to all counsel of record, if any to date, who

4

are deemed to have consented to electronic service via the Court's CM/ECF system

5

per CivLR 5.4(d). Any other counsel of record will be served by electronic mail,

6

facsimile and/or overnight delivery upon their appearance in this matter.

7

I declare under penalty of perjury under the laws of the United States that the

8

foregoing is true and correct. Executed this 8th day of November 2013 in San

9

Francisco, California.

10

11

FENWICK & WEST LLP

12

13

By: /s/ *Michael J. Sacksteder*

14

Michael J. Sacksteder
*Attorneys for Woodman Labs, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOPRO'S JOINDER IN MOT. TO AMEND
STIPULATED PARTIAL JUDGMENT

4

3:12-cv-2899-DMS-WVG

23769/00408/SF/5451825.6