MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

Attorneys for WOODMAN LABS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>Woodman Labs, Inc. dba GoPro,<br><br>            Defendant. | Case No. 3:12-cv-2899 DMS-WVG<br><br>**DECLARATION OF BRYAN A. KOHM IN SUPPORT OF GOPRO'S MOTION TO AMEND THE STIPULATED PARTIAL JUDGMENT TO CERTIFY THE COLLATERAL ESTOPPEL ORDER FOR IMMEDIATE APPEAL**<br><br>**DEMAND FOR JURY TRIAL** |

I, Bryan Kohm, hereby declare as follows:

    1.    I am an attorney duly licensed to practice law in the state of California and an associate with the firm of Fenwick & West, LLP.  I represent Woodman Labs, Inc. d/b/a GoPro ("GoPro") in this matter.  I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would testify competently thereto.

    2.    On behalf of GoPro, I consulted with counsel for e.Digital Corporation ("e.Digital") regarding the Partial Stipulated Judgment of Non-Infringement as to U.S. Patent No.

1  5,491,774.  During those discussions, I objected to the language contained in the draft joint
2  motion reciting there was "no just cause for delay" on the ground that GoPro believed it would be
3  most efficient for any appeal relating to the '774 patent to proceed in together with any appeal
4  later arising relating to the remaining patent in the case (as asserted against GoPro), U.S. Patent
5  No.  5,742,737.  During a telephone conference regarding this issue, Pam Chalk, counsel for
6  e.Digital, unequivocally stated that e.Digital had no intent of seeking an immediate appeal of the
7  collateral estoppel order.  Based on that understanding, the parties entered into the stipulated
8  partial judgment entered with the Court.  At no point during the negotiations did e.Digital's
9  counsel advise GoPro that it was planning to enter, or had entered, into a settlement agreement
10 with Huawei that would permit e.Digital to take an immediate appeal of the collateral estoppel
11 order.

      3.      Although GoPro believed that it would be more efficient for the Federal Circuit to hear all appeals as to all patents together, in light of e.Digital's ability to immediately appeal the collateral estoppel order in the Huawei matter and the fact that the Federal Circuit is likely only to substantively review that issue a single time, GoPro believes it would be prejudiced by permitting e.Digital to take an appeal of the collateral estoppel order, which impacts GoPro's rights, without the participation of GoPro.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in San Francisco, California this 8th day of November, 2013.

                                                      */s/ Bryan Kohm*
                                                       Bryan Kohm

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF BRYAN A. KOHM ISO MOTION TO AMEND PARTIAL JUDGMENT     2     3:12-cv-2899-DMS-WVG